**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4382**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ED LEE CARLTON, JR.,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  G. Ross Anderson, Jr., Senior
District Judge.  (7:13-cr-00182-GRA-1)

─────────────

Submitted:  December 18, 2014     Decided:  December 22, 2014

─────────────

Before SHEDD, WYNN, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

David W. Plowden, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.   William N. Nettles, United
States Attorney, Andrew B. Moorman, Sr., Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ed Lee Carlton, Jr., appeals his forty-eight-month sentence imposed after he pled guilty without a plea agreement to one count of use of a communication device to facilitate a felony, under 21 U.S.C. § 843(b) (2012). Carlton asserts that the district court's explanation for his sentence was insufficient and that the district court procedurally erred when it imposed his sentence without providing specific reasons for rejecting his argument for a probationary sentence. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The court presumes that a sentence within the Guidelines range is reasonable. See United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir.), cert. denied, 135 S. Ct. 384 (2014). We conclude that Carlton's forty-eight-month sentence is reasonable.

In evaluating a district court's explanation of a selected sentence, this court has held that, although a district court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every single factor on the record. United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012). However, the district court still "must make an individualized assessment based on the facts presented[,]" and apply the "relevant § 3553(a) factors to the specific circumstances of the case before it." Carter, 564 F.3d at 328 (quotation marks and emphasis omitted).

The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (quotation marks

3

omitted). In other words, the reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)" as long as the reasons "can be matched to a factor appropriate for consideration under that statute and [are] clearly tied to [the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

"By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, [Carlton] sufficiently alert[ed] the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserve[d] [his] claim." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Accordingly, we review the district court's explanation for Carlton's sentence under the abuse of discretion standard. See id. at 576.

Prior to imposing Carlton's sentence, the district court stated that it considered the Guidelines and the § 3553(a) factors, specifically mentioning that it considered Carlton's criminal history and offense level, the seriousness of Carlton's offense, and the need to impose just punishment for his crime. And although the district court found that Carlton admitted his conduct and entered a timely guilty plea, it believed a forty-eight-month sentence was necessary to deter Carlton from criminal conduct and protect the public from such conduct.

4

Having expressly indicated that it considered the Guidelines and the § 3553(a) factors, the district court undertook a sufficient analysis in sentencing Carlton.

Although the district court did not explicitly address counsel's request for a probationary sentence, it is apparent that the district court listened to counsel's arguments, but found that a Guidelines sentence was appropriate. We conclude that the district court did not commit "significant procedural error" in failing to more thoroughly explain Carlton's sentence. See Lynn, 592 F.3d at 575.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5